United States District Court
Southern District of Texas

**ENTERED**

February 03, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROOSEVELT L. LINCOLN, JR., | § | |
| SPN #01729737, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-1979 |
| | § | |
| JOHN CLARK, et al., | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

The plaintiff, Roosevelt L. Lincoln, Jr., also known as Roosevelt L. Lincomn or Linicomn (SPN #01729737), filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) while confined as a pretrial detainee in the Harris County Jail. He has filed a More Definite Statement of his claims (Docket Entry No. 21). He has also filed two supplemental pleadings entitled "'Correction' and 'Amendment Complaint'" ("First Supplemental Complaint") (Docket Entry No. 27) and "'Correction' and Amended Complaint's [sic]" ("Second Supplemental Complaint") (Docket Entry No. 28). In addition, although the court has granted him leave to proceed <u>in forma pauperis</u> (Docket Entry No. 30), he has recently filed a second Application to Proceed in District Court Without Prepaying Fees and Costs (Docket Entry No. 31).

Because the plaintiff proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  After considering all of the pleadings, the court will dismiss this action for the reasons explained below.

## I.   **Background**

The plaintiff filed this civil action while incarcerated in the Harris County Jail, following his arrest for committing a robbery that involved bodily injury to the victim.[1]  According to the plaintiff, these "false" charges were filed against him in the 176th District Court for Harris County, Texas, and then transferred to the 482nd District Court for Harris County, Texas.[2]

Court records show that robbery charges were filed against the plaintiff on July 30, 2020, in Harris County Case No. 1684203, after a woman positively identified the plaintiff in a photographic lineup as the man who robbed her and assaulted her.[3]  A grand jury

---

[1]Complaint, Docket Entry No. 1, p. 3.  For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing ("ECF") system.

[2]Id.

[3]See Criminal Complaint in Case No. 1684203, available from the Harris County District Clerk's Office website, located at
(continued...)

returned an indictment charging the plaintiff with robbery on September 29, 2020.[4]   On August 18, 2022, the trial court granted the state's motion to dismiss the case because of a missing witness.[5]

The plaintiff's primary claim is that the robbery charges lodged against him lacked probable cause and that his arrest violated the Fourth Amendment.[6]   Alleging further that he was imprisoned as the result of a "conspiracy" to commit "malicious prosecution," the plaintiff has filed this lawsuit under 42 U.S.C. § 1983 against the following defendants:   (1) John Clark, who served as the plaintiff's former appointed defense attorney; (2) Patrick Rizzo, who also served as one of the plaintiff's appointed

_____

[3](...continued)
https://www.hcdistrictclerk.com (last visited Jan. 30, 2023).   The court takes judicial notice of the plaintiff's state court proceedings, which qualify as "matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).   This includes public records of court proceedings and commitment information from jail or prison officials.   See Stiel v. Heritage Numismatic Auctions, Inc., 816 F. App'x 888, 893 (5th Cir. 2020) (per curiam) ("[A] district court may properly take judicial notice of public state court records.")

[4]See Indictment in Case No. 1684203, available from the Harris County District Clerk's Office website, located at https://www.hcdistrictclerk.com (last visited Jan. 30, 2023).

[5]See Motion to Dismiss Order and Notice in Case No. 1684203, available from the Harris County District Clerk's Office website, located at https://www.hcdistrictclerk.com (last visited Jan. 30, 2023).

[6]Complaint, Docket Entry No. 1, p. 3.

-3-

defense attorneys; (3) prosecutors with the Harris County District Attorney's Office who pursued the charges against him; and (4) Harris County.[7]  He seeks a total of $8.6 million in damages.[8]

## II.  <u>**Standard of Review**</u>

A complaint may be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B) if it "'lacks an arguable basis either in law or in fact.'"  <u>Denton v. Hernandez,</u> 112 S. Ct. 1728, 1733 (1992) (quoting <u>Neitzke v. Williams,</u> 109 S. Ct. 1827, 1831 (1989)).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  <u>Harper v. Showers</u>, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted).  "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  <u>Talib v. Gilley,</u> 138 F.3d 211, 213 (5th Cir. 1998)(citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]"  <u>Bell Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1965 (2007) (citation omitted).  If the

———————————————

[7] <u>Id.</u> at 3, 5.

[8] <u>Id.</u> at 6.

-4-

complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed.  <u>Id.</u> at 1974.  A reviewing court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." <u>Heinze v. Tesco Corp.,</u> 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted).  But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." <u>Id.</u> (internal quotation marks and citations omitted); <u>see also White v. U.S. Corrections, LLC,</u> 996 F.3d 302, 307 (5th Cir. 2021) (same).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal,</u> 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly,</u> 127 S. Ct. at 1965).

Because the plaintiff represents himself, his <u>pro se</u> pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner,</u> 92 S. Ct. 594, 596 (1972) (per curiam).  Even under this lenient standard a plaintiff must allege sufficient facts which, when taken as true, state a claim for relief that is plausible on its face. <u>Legate v. Livingston,</u> 822 F.3d 207, 210 (5th Cir. 2016) (citation omitted).  A district court may summarily dismiss a <u>pro se</u> litigant's lawsuit "before service of process or before the filing of the answer" if it is satisfied that the plaintiff has pleaded his "best case." <u>Brewster v. Dretke,</u> 587 F.3d 764, 767 (5th Cir. 2009) (citations omitted).

-5-

### III.   <u>Discussion</u>

**A.   Claims Against Defense Counsel**

The plaintiff has sued two criminal defense attorneys, John Clark and Patrick Rizzo, who represented the plaintiff in connection with the robbery charges in Case No. 1684203.[9] To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a constitutional violation that was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." <u>Lugar v. Edmundson Oil Co.</u>, 102 S. Ct. 2744, 2753 (1982).  It is well established that criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under § 1983.  <u>See Hudson v. Hughes,</u> 98 F.3d 868, 873 (5th Cir. 1996) (citations omitted); <u>see also Mills v. Criminal Dist. Court No. 3,</u> 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Therefore, the allegations against Clark and Rizzo will be dismissed for failure to state a claim upon which relief may be granted.

---

[9]Complaint, Docket Entry No. 1, pp. 5, 8-9.

**B.    Claims Against Prosecutors**

The plaintiff has sued two prosecutors with the Harris County District Attorney's Office who pursued the robbery charges against him in Case No. 1684203.[10]   Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating a prosecution and presenting the state's case.   See Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976).   Because the prosecutors named by the plaintiff are immune from suit for the actions he describes, these claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[11]

**C.    Claims Against Harris County**

The plaintiff seeks monetary relief from Harris County for his false arrest by officers employed by Precinct Four of the Harris

_____

[10]Complaint, Docket Entry No. 1, p. 5; Second Supplemental Complaint, Docket Entry No. 28, p. 2 (identifying two prosecutors who were involved in pressing charges against him in the 176th District Court and the 482nd District Court for Harris County, Texas).

[11]The plaintiff also appears to fault the Harris County District Attorney's Office for failing to prosecute several inmates who assaulted him while he was confined in the Harris County Jail. See Second Supplemental Complaint, Docket Entry No. 28, pp. 3-4. There is no constitutional right to have someone criminally prosecuted and no private right of action to bring criminal charges. See Gill v. Texas, 153 F. App'x 261, 262 (5th Cir. 2005); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); see also Lefebure v. D'Aquilla, 15 F.4th 650, 652 (5th Cir. 2021) ("[V]ictims do not have standing based on whether other people — including their perpetrators—are investigated or prosecuted."). Therefore, this allegation does not state a claim.

-7-

County Sheriff's Office.[12]  A municipal entity such as Harris County is not vicariously liable under a theory of respondeat superior for wrongdoing committed by its employees.  See Monell v. Dep't of Social Services of City of New York, 98 S. Ct. 2018, 2037 (1978). A municipality is liable under 42 U.S.C. § 1983 only for acts that are "directly attributable to it 'through some official action or imprimatur.'" James v. Harris County, Tex., 577 F.3d 612, 617 (5th Cir. 2009) (quoting Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)).  Thus, to state a claim for municipal liability a civil rights plaintiff must allege, at a minimum, facts identifying the following essential elements:  (1) an official policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy at issue. See Piotrowski, 237 F.3d at 578.

The plaintiff, who appears to claim that he was wrongly arrested after the victim identified him as the man who robbed her, does not allege facts showing that he was arrested improperly as the result of any particular policy.  To the extent that this action is based on an isolated incident, his conclusory allegations are insufficient to state a claim.  See Peterson v. City of Fort Worth, Texas, 588 F.3d 838, 847 (5th Cir. 2009) ("A municipality is almost never liable for an isolated unconstitutional act on the part of an employee[.]").  Therefore, the claim against Harris

---

[12]Complaint, Docket Entry No. 1, p. 5.

County will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiff's claims fail for additional reasons, which are discussed briefly below, because he does not demonstrate that his constitutional rights were violated in connection with his arrest.

**D.    The Fourth Amendment Claims**

The plaintiff claims that he was falsely arrested by officers employed by the Harris County Sheriff's Office pursuant to a "frivolous" warrant.[13] The plaintiff's claim of false arrest arises under the Fourth Amendment, which protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. To demonstrate that a violation of the Fourth Amendment occurred a plaintiff must show that there was no probable cause to arrest him. See Haggerty v. Texas Southern Univ., 391 F.3d 653, 655 (5th Cir. 2004) (citation omitted).

The plaintiff does not allege specific facts showing that the warrant used to effect his arrest was defective or lacking in probable cause, noting only that the woman who accused him of assaulting her while robbing her was an acquaintance who was "highly addicted to drugs."[14]  Taking the plaintiff's allegation

---

[13]Complaint, Docket Entry No. 1, p. 8; First Supplemental Complaint, Docket Entry No. 27, p. 3.

[14]First Supplemental Complaint, Docket Entry No. 27, p. 3 (emphasis eliminated).  The plaintiff also appears to argue that
(continued...)

-9-

about the victim as true, he still cannot demonstrate that his arrest was false or that probable cause was lacking in this instance.

As noted above, a grand jury returned an indictment against the plaintiff on the robbery charges that were lodged against him in Harris County Case No. 1684203.[15] Because a grand jury made an independent determination that there was probable cause to support the charges, the plaintiff cannot prevail on a claim of false arrest.  See Gerstein v. Pugh, 95 S. Ct. 854, 865 n.19 (1975) (observing that "an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause . . ."); see also Russell v. Altom, 546 F. App'x 432, 436-37 (5th Cir. 2013) (per curiam) ("When the facts supporting an arrest 'are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the

---

[14](...continued)
his arrest was false because the robbery charges against him were ultimately dismissed.  See id. at 6.  The fact that charges are later dismissed "is of no consequence" when considering a claim of false arrest.  Babb v. Dorman, 33 F.3d 472, 479 (5th Cir. 1994). "The Constitution does not guarantee that only the guilty will be arrested.  If it did, [42 U.S.C.] § 1983 would provide a cause of action for every defendant acquitted — indeed, for every suspect released."  Baker v. McCollan, 99 S. Ct. 2689, 2695 (1979). Therefore, this argument is without merit.

[15]See Indictment in Case No. 1684203, available from the Harris County District Clerk's Office website, located at https://www.hcdistrictclerk.com (last visited Jan. 30, 2023).

initiating party.'") (quoting <u>Cuadra v. Houston Independent School District,</u> 626 F.3d 808, 813 (5th Cir. 2010)).  Accordingly, the plaintiff's claim of false arrest will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[16]

## E.   Conspiracy of Malicious Prosecution

The plaintiff appears to allege that the defendants engaged in a conspiracy of malicious prosecution in connection with the robbery charges lodged against him in Case No. 1684203.[17]  To establish an actionable claim of conspiracy under 42 U.S.C. § 1983 a plaintiff must show that the defendants agreed to commit an illegal act that violated the plaintiff's civil rights.  <u>See Arsenaux v. Roberts,</u> 726 F.2d 1022, 1024 (5th Cir. 1982); <u>see also McKinney v. McDuffie,</u> 789 F. App'x 413 (5th Cir. 2019) (per curiam).  A plaintiff asserting a civil conspiracy claim under § 1983 must plead "'operative facts'" showing a prior illegal

---

[16]The court notes that the plaintiff also accuses the arresting officers of "defamation" for filing a "false" police report based on the victim's account.  <u>See</u> First Supplemental Complaint, Docket Entry No. 27, pp. 4-5.  The plaintiff's allegation of defamation does not state a claim under 42 U.S.C. § 1983 because claims of libel or slander are actionable, if at all, only under state law.  <u>See Cook v. Houston Post,</u> 616 F.2d 791, 794-95 (5th Cir. 1980).  To the extent that the plaintiff attempts to assert a state law claim, he did not allege defamation in connection with his arrest, which occurred in 2020, until he submitted a supplemental pleading on November 23, 2022, which is outside the governing one-year statute of limitations.  <u>See</u> Tex. Civ. Prac. & Rem. Code § 16.002(a). Accordingly, the court does not address this claim further.

[17]Complaint, Docket Entry No. 1, p. 5.

agreement; "'bald allegations'" of an agreement do not suffice. See Way v. Mueller Brass Co., 840 F.2d 303, 308 (5th Cir. 1988) (citations omitted); see also Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992) (per curiam) (holding that allegations of conspiracy that are "merely conclusional" will not support an action under 42 U.S.C. § 1983); Bowen v. Quarterman, 339 F. App'x 479, 482 (5th Cir. 2009) (per curiam) (concluding that a prisoner's bare allegation that it was reasonable to believe that the defendants were part of a conspiracy, without any facts that tended to show an agreement between them, was insufficient to state a viable conspiracy claim) (citing Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986)).

The plaintiff has not alleged specific facts showing that there was an actual agreement among the named defendants to deprive him of a constitutionally protected right. Under these circumstances the plaintiff has failed to state an actionable claim for conspiracy against any of the defendants. See McAfee v. 5th Circuit Judges, 884 F.2d 221, 222 (5th Cir. 1989) ("It is now well settled in this Circuit that 'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy.") (quoting Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986)).

Likewise, the plaintiff's allegation of malicious prosecution cannot be the basis for a civil rights action under 42 U.S.C.

-12-

§ 1983 without an attendant constitutional violation. <u>See</u> <u>Castellano v. Fragozo,</u> 352 F.3d 939, 945, 953 (5th Cir. 2003) (en banc) (concluding that there is no "freestanding constitutional right to be free from malicious prosecution" and that "causing charges to be filed without probable cause will not without more violate the constitution"). For reasons discussed previously, the plaintiff has not demonstrated that he was subjected to false arrest without probable cause in violation of the Fourth Amendment. Therefore, his allegation of malicious prosecution fails to state an actionable claim for which relief may be granted under § 1983 and will be dismissed. Because the plaintiff has had an opportunity to supplement his Complaint and has failed to articulate a viable claim, this action will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B).

### IV.   <u>Conclusion and Order</u>

Based on the foregoing, the court **ORDERS** as follows:

1.   The civil action filed by Roosevelt L. Lincoln, Jr., also known as Roosevelt L. Lincomn, is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

2.   Because the Prison Litigation Reform Act applies to this case, which was filed while the plaintiff was a prisoner,

the dismissal will count as a "strike" pursuant to 28 U.S.C. § 1915(g).

3. The court has already granted the plaintiff leave to proceed <u>in forma pauperis</u> in this case (Docket Entry No. 30); therefore, the pending Application to Proceed in District Court Without Prepaying Fees and Costs (Docket Entry No. 31) is **DENIED** as moot.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy to the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this _3rd_ day of _February_ 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE